### UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA **DIVISION**

AMENDED
## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Anthony Evans, Jr.

Inmate # W12693

(Enter full name of Plaintiff)

VS.

CASE NO: 3:11 cv 103/RV/MD
(To be assigned by Clerk)

% Oates, Nurse Rice
% B.J. Jones (Jenkins)
% Foster, % Rochell, Asst.
Warden Haas, Sgt. Brock
% McBay, All in individual capacities

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

## I.    PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Anthony Evans, Jr.

Inmate Number: #W12695

Prison or Jail: (Prison) Santa Rosa Annex

Mailing address: Correctional Institution
5850 E. Milton Road
Milton, Fla 32583

## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1)  Defendant's name: OATES

Official position: CORRECTIONAL OFFICER

Employed at: SANTA ROSA ANNEX

Mailing address: Correctional Institution
5850 E. Milton Road, Milton
Fla 32583

(2)  Defendant's name: B. J. Jones (Jenkins)

Official position: CORRECTIONAL OFFICER

Employed at: Santa Rosa Annex Correctional

Mailing address: Institution 5850 E. Milton Road
Milton, Fla 32583

(3)  Defendant's name: RICE

Official position: NURSE

Employed at: Santa Rosa Annex Correctional

Mailing address: Institution 5850 E. Milton Road
Milton, Fla 32583

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

## II. DEFENDANT(S):

(4.) FOSTER
CORRECTIONAL OFFICER
Santa Rosa Annex Correctional
Institution 5850 E. Milton Road
Milton Fla 32583

(5.) ROCHELL
CORRECTIONAL OFFICER
Santa Rosa Annex Correctional
Institution 5850 E. Milton Road
Milton Fla 32583

(6.) MRS. HAAS
ASST. WARDEN OF PROGRAMS/ ADA INTAKE OFFICER
Santa Rosa Annex Correctional
Institution 5850 E. Milton Road
Milton Fla 32583

(7.) BROCK
SGT. OVER Property
Santa Rosa Annex Correctional
Institution 5850 E. Milton Road
Milton Fla 32583

(8.) McBAY
CORRECTIONAL OFFICER
Santa Rosa Annex Correctional
Institution 5850 E. Milton Road
Milton Fla 32583

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )                     No( √ )

1.   Parties to previous action:
   (a)   Plaintiff(s): _____
   (b)   Defendant(s): _____

2.   Name of judge: _____     Case #: _____

3.   County and judicial circuit: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

   Yes( )                     No( √ )

1.   Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____     Case #: _____

4.   Approximate filing date: _____

5.   If not still pending, date of dismissal: _____

6.   Reason for dismissal: _____

3

7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                    No( √ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
      a.    Plaintiff(s): _____
      b.    Defendant(s): _____

2.    District and judicial division: _____

3.    Name of judge: _____        Case #: _____

4.    Approximate filing date: _____

5.    If not still pending, date of dismissal: _____

6.    Reason for dismissal: _____

7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                    No( √ )

1.    Parties to previous action:
      a.    Plaintiff(s): _____
      b.    Defendant(s): _____

2.    District and judicial division: _____

3.    Name of judge: _____        Case Docket # _____

4.    Approximate filing date: _____        Dismissal date: _____

5.    Reason for dismissal: _____

4

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

UNDER TITLE 42, CHAPTER 21 SUBCHAPTER I, SECTION 1983 CIVIL COMPLAINT

AMENDED/SUPPLEMENT WITHDRAWL OF DEFFENDANTS

THE PLAINTIFF HEREBY MOVES THIS HIGH COURT TO ACCEPT THIS AMENDED/SUPPLEMENT 1983 CIVIL COMPLAINT THE PLAINTIFF HEREBY MOVES THIS COURT TO ACCEPT THE VOLUNTARY WITHDRAWL OF DEFENDANTS SGT. HOWARD AND LT. HARRIS AS THEY HAVE NO ACTUAL MATERIAL PLAY CONDUCIVE TO THIS CLAIM, BESIDES MERELY BEING PRESENT, OR BEING OIC OF Q-DORM.

CIVIL RIGHTS - FEDERAL LAW

POLICE LIABILITY UNDER FEDERAL LAW

## IN GENERAL

WHENEVER ANY INDIVIDUAL INTERFERS WITH ANOTHERS RIGHTS THERE IS A POSSIBILITY OF CIVIL OR CRIMINAL SANCTIONS. THE NATURE AND EXTENT OF THE PROTECTION THAT EITHER STATE OR FEDERAL GOVERNMENTS GIVE TO AN INDIVIDUAL'S RIGHTS IS DETERMINED BY STATUTE AND CASE LAW OF THE PARTICULAR JURISDICTION.

THE FEDERAL LAW IN THIS AREA HAS BEEN TERMED "**THE CIVIL RIGHTS ACTS**" BUT IS ACTUALLY DIVIDED INTO TWO AREAS, CIVIL AND CRIMINAL, EACH WITH ITS OWN UNIQUE DEFINITIONS.

### CIVIL ACTION FOR DEPRIVATION OF RIGHTS

### SECTION 1983 OF TITLE 42, U.S. CODE

"EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE OR TERRITORY, OR THE DISTRICT OF COLOMBIA, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN

AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS."

A PLAINTIFF WHO CAN PROVE ACTUAL DAMAGES IN A SECTION 1983 SUIT IS ENTITLED TO RECOVER SUCH DAMAGES FROM A DEFENDANT WHO DEPRIVED HIM OR HER OF HIS OR HER RIGHTS.

"THE ONLY ELEMENTS WHICH NEED TO BE PRESENT IN ORDER THE CIVIL RIGHTS ACT ARE THAT THE CONDUCT COMPLAINED ABOUT WAS ENGAGED IN UNDER COLOR OF STATE LAW, AND THAT SUCH CONDUCT SUBJECTED THE PLAINTIFF TO THE DEPRIVATION OF RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION OF THE UNITED STATES." MARSHALL V. SAWYER, 301 F.2d 639 (CA9 1962).

IF ONE ACTS IN THEIR OFFICIAL CAPACITY YOU ARE ACTING UNDER COLOR OF STATE (OR LOCAL) LAW, AND IF ONES CONDUCT RESULTS IN THE DEPRIVATION OF ANY CONSTITUTIONALLY GAURANTEED RIGHTS, THAT INDIVIDUAL COULD BE LIABLE NOT ONLY FOR ACTUAL DAMAGES, BUT FOR PUNITIVE DAMAGES IF THE ELEMENT OF MALICE IS SHOWN. NOT ONLY ARE IMPROPER ACTS COMMITTED UNDER THE COLOR OF LAW ACTIONABLE, BUT ALSO ANY ACT PURSUANT TO LOCAL CUSTOM OR USAGE THAT DEPRIVES A PERSON OF THEIR FEDERAL CONSTITUTIONAL RIGHTS.

THE ACT COMPLAINED OF NEED NOT HAVE BEEN WILLFULLY COMMITTED FOR LIABILITY TO ATTATCH, NOR IS IT NECESSARY TO PROVE SPECIFIC INTENT TO DEPRIVE THE PLAINTIFF OF A FEDERAL RIGHT.

(6-1)

## CASES BROUGHT UNDER TITLE 42, CHAPTER 21, SUBCHAPTER I. § 1983 OF THE U.S. CODE

EXAMPLES OF THE TYPES OF CASES WHICH HAVE BEEN BROUGHT UNDER THIS STATUTE ARE AS FOLLOWS, THOUGH NOT LIMITED TO SUCH.

(A) FAILURE TO ADVISE GROUNDS FOR ARREST AND DETENTION.

(B) DETAINING THE PERSON ARRESTED FOR TOO LONG A PERIOD.

(C) ASSAULTING THE PERSON ARRESTED.

(D) COMMITTING A BATTERY UPON A PERSON ARRESTED.

(E) ENTRAPPING A PERSON ARRESTED.

(F) PERFORMING AN ILLEGAL SEARCH AND SEIZURE UPON THE PERSON OR PROPERTY OF THE ARRESTEE.

(G) FAILURE TO PROVIDE AN ARRESTED PERSON WITH MEDICAL ATTENTION.

(H) PLACEMENT IN UNFAVORABLE LINE UPS OR IDENTIFICATIONS.

(I) FAILURE TO PROTECT VICTIMS ANONYMITY

(J) USE OF UNREASONABLE FORCE DURING ARREST OR DETENTION.

(K) VERBAL ABUSE DURING ARREST OR DETENTION.

FOR THE SAKE OF THE ABOVE LETTERED EXAMPLES, PETITIONER WILL SUPPLY LEGAL DEFINITIONS, DEFINING KEY POINTS, AND ANY APPLICABLE FLORIDA STATUTE TO SUPPORT SUCH.

# DEFINITIONS

(1) UNDER § 784.07 FLORIDA STATUTES "LAW ENFORCEMENT OFFICER" IS DEFINED AS FOLLOWS:

"LAW ENFORCEMENT OFFICER" INCLUDES A LAW ENFORCEMENT OFFICER, **A CORRECTIONAL OFFICER** (EMPHASIS ADDED), A CORRECTIONAL PROBATION OFFICER, A PART-TIME LAW ENFORCEMENT OFFICER, **A PART-TIME CORRECTIONAL OFFICER.** (EMPHASIS ADDED). AND ANY COUNTY PROBATION OFFICER; **EMPLOYEE OR AGENT OF THE DEPARTMENT OF CORRECTIONS WHO SUPERVISES OR PROVIDES SERVICES TO INMATES**; OFFICER OF THE PAROLE COMMISSION; AND LAW ENFORCEMENT PERSONNEL OF THE FISH AND WILDLIFE CONSERVATION COMMITTEE; THE DEPARTMENT OF ENVIRONMENTA PROTECTION; OR THE DEPARTMENT OF LAW ENFORCEMENT. (ALL EMPHASIS AND BOLD PRINT ADDED.)

(2) § 784.082 FLORIDA STATUTES DESCRIBES A DETAINEE, OR PERSON DETAINED AS FOLLOWS:

A DETAINEE OR PERSON BEING DETAINED IS ANY PERSON HELD IN A **PRISON**, JAIL OR OTHER DETENTION FACILITY. (EMPHASIS AND BOLD PRINT ADDED.)

(3.) § 744.011 FLORIDA STATUTES DEFINES ASSAULT AS FOLLOWS:

AN "ASSAULT" IS AN INTENTIONAL, UNLAWFUL THREAT BY WORD OR ACT TO DO VIOLENCE TO THE PERSON OF ANOTHER, COUPLED WITH AN APPARENT ABILITY TO DO SO, AND **DOING** SOME ACT WHICH

CREATES A WELL FOUNDED FEAR IN SUCH OTHER PERSON THAT SUCH VIOLENCE IS IMMINENT.

(4.) § 784.03 FLORIDA STATUTES DEFINES BATTERY AS FOLLOWS:

(1)(A) THE OFFENSE OF BATTERY OCCURS WHEN A PERSON:

1. **ACTUALLY AND INTENTIONALLY TOUCHES** OR **STRIKES** ANOTHER PERSON AGAINST THE WILL OF THE OTHER; OR

2. **INTENTIONALLY CAUSES BODILY HARM** TO ANOTHER PERSON. (EMPHASIS AND BOLD PRINT ADDED)

(5.) § 394.455 FLORIDA STATUTES DEFINES MENTAL ILLNESS AS FOLLOW:

18. "MENTAL ILLNESS" MEANS AN IMPAIRMENT OF THE MENTAL OR EMOTIONAL PROCESS THAT EXERCISE CONSCIOUS CONTROL OF ONES ACTIONS OR OF THE ABILITY TO PERCEIVE OR UNDERSTAND REALITY, WHICH IMPAIRMENT SUBSTANTIALLY INTERFERES WITH A PERSONS ABILITY TO MEET THE ORDINARY DEMANDS OF LIVING, REGARDLESS OF ETIOLOGY FOR THE PURPOSES OF THIS PART, THE TERM DOES NOT INCLUDE RETARDATION OR DEVELOPMENTAL DISABILITY AS DEFINED IN CHAPTER 393, INTOXICATION, OR CONDITIONS MANIFESTED ONLY BY ANTISOCIAL BEHAVIOR OR SUBSTANCE ABUSE IMPAIRMENT.

(6.) CHAPTER 33-404.103 DEFINES MENTAL DISORDER AS FOLLOWS:

AN IMPAIRMENT OF THE EMOTIONAL PROCESS OF THE ABILITY TO EXERCISE CONSCIOUS CONTROL OF

(6-4)

ONES ACTION, OR OF THE ABILITY TO PERCEIVE
REALITY, OR TO UNDERSTAND.

(7.) CHAPTER 33-210. 201 OF AMERICANS WITH
DISABILITIES ACTS DEFINES MENTAL IMPAIRMENT
AS Follows:
   (H) ANY MENTAL OR PSYCHOLOGICAL DISORDER
SUCH AS MENTAL RETARDATION, ORGANIC BRAIN
SYNDROME, EMOTIONAL MENTAL ILLNESS, AND
SPECIFIC LEARNING DISABILITIES.

(8) THE ORIENTATION PAPER PROVIDED BY MENTAL
HEALTH COUNSELORS AT SANTA ROSA ANNEX MENTAL
HEALTH UNIT DEFINES CRISIS STABILIZATION
UNIT ( C.S.U.) AS Follows:
   ... "IS FOR PATIENTS WHO ARE IN "CRISIS"
AND ARE THOUGHT TO BE ACUTELY SUICIDAL(
LIKELY TO KILL OR HURT THEMSELVES) OR PSYCHOTIC(
THEY HEAR, SEE OR BELIEVE THINGS THAT OTHER
PEOPLE DO NOT.)
      ✳ NOTE ✳
         FROM THIS POINT FORWARD THE CRISIS
STABILIZATION UNIT WILL BE REFERRED TO
AS " C.S.U."

(9) THE ORIENTATION PAPER PROVIDED BY MENTAL
HEALTH COUNSELORS AT SANTA ROSA ANNEX MENTAL
HEALTH UNIT DEFINES TRANSITIONAL CARE UNIT
(T.C.U) AS Follows:
   "... IS FOR PATIENTS WHO HAVE MENTAL HEALTH
PROBLEMS THAT INTERFERE WITH THEIR ABILITY
TO FUNCTION ON THE COMPOUND."
            ✳ NOTE ✳     (6-5)

FROM THIS POINT FORWARD THE TRANSITIONAL
CARE UNIT WILL BE REFERRED TO AS "TCU"

(10) CHAPTER 33-404.101(3)(B) DEFINES ISOLATION
MANAGEMENT AS:
     S.H.O.S. STATUS IS A SUICIDE OBSERVATION
CELL, FOR AT RISK INMATES WHO HAVE HARMED
THEMSELVES, ATTEMPTED TO HARM THEMSELVES, OR
DISPLAY BEHAVIOR THAT SUCH ACTIONS MAY BE IMMINENT.

(11) CHAPTER 33-201.201 ADA PROVISIONS FOR INMATES
DEFINE INTAKE OFFICER AS FOLLOWS:
  (2)(F) "INTAKE OFFICER - REFERS TO THE STAFF
MEMBER AT AN INSTITUTION WHO IS DESIGNATED
TO RESPOND TO INMATE GRIEVANCES ALLEGING A
VIOLATION OF THE A.D.A. AND TO REQUESTS FOR
ACCOMODATION."

(12) TITLE 42 U.S.C.A § 12131 DEFINES QUALIFIED
INDIVIDUAL WITH A DISABILITY AS FOLLOWS:
     " THE TERM " QUALIFIED INDIVIDUAL WITH A
DISABILITY" MEANS AN INDIVIDUAL WITH A
DISABILITY WHO, WITH OR WITHOUT REASONABLE
MODIFICATIONS TO RULES, POLICIES, OR PRACTICES,
THE REMOVAL OF ARCHITECTURAL, COMMUNICATIONS,
OR TRANSPORTATION BARRIERS, OR THE PROVISION
OF AUXILIARY AIDS AND SERVICES, MEETS THE
ESSENTIAL ELIGIBILITY REQUIREMENTS FOR THE
RECEIPT OF SERVICES OR THE PARTICIPATION IN
PROGRAMS OR ACTIVITIES PROVIDED BY A PUBLIC
ENTITY."

# CONSTITUTIONAL RIGHTS VIOLATED

(1.) AMENDMENT 8 U.S. CONSTITUTION;
"... NOR CRUEL AND UNUSUAL PUNISHMENTS
BE INFLICTED."

(2.) AMENDMENT 14 U.S. CONSTITUTION;
(1) "... NOR SHALL ANY STATE DEPRIVE ANY PERSON
OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS
OF LAW; NOR DENY TO ANY PERSON WITHIN ITS
JURISDICTION THE EQUAL PROTECTION OF
THE LAWS."

(3) ARTICLE 1, SECTION 9, FLORIDA CONSTITUTION;
"DUE PROCESS - NO PERSON SHALL BE DEPRIVED
OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS
OF LAW. ..."

(4.) ARTICLE 1, SECTION 17, FLORIDA CONSTITUTION;
"EXCESSIVE PUNISHMENT - EXCESSIVE FINES, CRUEL
AND UNUSUAL PUNISHMENT ATTAINDER, FORFEITURE
OF ESTATE, INDEFINITE IMPRISONMENT, AND
UNREASONABLE DETENTION OF WITNESS, ARE FORBIDDEN."

(5) U.S.C.A 42 §§ 12112 AMERICANS WITH DISABILITY
ACT (A.D.A.) "... NO AMERICAN WITH AN DISABILITY
SHOULD BE DISCRIMINATED AGAINST ..."

(6-7)

# STATEMENT OF PARTICULARS

PLAINTIFF, MR. EVANS, ARRIVED AT SANTA ROSA CORRECTIONAL INSTITUTION ANNEX. (S.R.C.I) ON 8-18-10. UPON ARRIVAL MR. EVANS' PROPERTY WAS TAKEN AND STORED UNTIL IT COULD BE INVENTORIED BY PROPERTY ROOM SGT. BROCK OR PROPERTY ROOM OFFICER MCDAY. IMMEDIATELY AFTER BEING RELIEVED OF PROPERTY, MR. EVANS WAS ESCORTED TO Q-DORMS MENTAL HEALTH UNIT.

ON 8-20-10 AFTER BEING THREATENED BY OFFICERS, MR. EVANS FELT IN FEAR OF HIS LIFE AND WELLBEING, AS WELL AS HIS SAFETY. THESE FEELINGS ULTIMATELY LED MR. EVANS TO BE PLACED ON SHOS FOR SUICIDE OBSERVATION..... AS OF 8-20-10, MR. EVANS STILL HAD NOT RECEIVED NOTICE OF HIS PROPERTY.

DR. MILLER, DR. HEMENAZ, CASE MANAGER MR. SMITH, CASE MANAGER MS. BRADFORD, ALL HAD KNOWLEDGE OF OFFICERS THREATENING MR. EVANS

ON 8-25-10 OFFICER ROCHELL THREATENED MR. EVANS, HIS LIFE, AND HIS WELLBEING. AFTER HAVING MR. EVANS' CELL CLEANED, AND REPLACING HIM IN HIS ASSIGNED CELL, OFFICER STOOD AT MR. EVANS CELL FRONT WITH NOON MEAL, AND NOON BEVERGE. HELD IT UP, THEN WALKED ON TO THE NEXT CELL. ULTIMATELY DENYING AND REFUING MR. EVANS NOON MEAL.

MR. EVANS COMMENCED TO KICKING THE DOOR AND DEMANDING TO SPEAK TO ANYONE FROM NURSING STAFF A CASE MANAGER, DR. MILLER, EVEN THE OIC ASSIGNED TO THE DORM. TO NO AVAIL.

MR. EVANS THEN BROKE THE FIRE SPRINKLER WITHIN THE CELL, AS A WAY OF GETTING SOMEONE TO

(6-8)

COME TALK TO HIM. WHEN THE WATER WAS TURNED OFF, OFFICER ROCHELL APPROACHED THE CELL FRONT AND MALICIOUSLY THREATENED MR. EVANS STATING "NIGGER, YOU WANT TO SMEAR SHIT? YOU'LL NEVER EAT." FOLLOWED BY "IF I WANTED TO I COULD KILL YOU AND GET AWAY WITH IT".

THIS WAS WITNESSED BY: REYNOLADO MAZA, AURTHUR AKINS, DANIEL SMITH, EUGENE HALL, MARION SOUTH,

ON 8-26-10 PLAINTIFF WAS EMERGENCY TRANSFERRED TO LAKE CORRECTIONAL INSTITUTIONS MENTAL HEALTH UNIT.

ON 11-12-10 PLAINTIFF WAS TRANSFERRED BACK TO SANTA ROSA CORR. INST. AFTER PLACEMENT IN A HOLDING CELL OFFICER B. J. JONES (POSSIBLY JENKINS) STATED "WELCOME BACK", AND ASKED IF MR. EVANS KNEW A MR. SNOW. IT WAS THEN STATED "IT DOESN'T MATTER, YOU'LL BE IN THE COUNTY JAIL BEFORE THE NIGHT IS OVER WITH."

AFTER LOOKING ON THE GROUND MR. EVANS NOTICED WHAT LOOKED LIKE MARIJUANA ON THE GROUND IN THE NEXT HOLDING CELL OVER, INMATE KEVIN PITCHFORD WAS SAYING GIVE IT TO HIM.

THE DRUGS WERE CONFISCATED BY THE OFFICER AND PLACED INSIDE OF A BROWN BAG and REMOVED FROM THE MOVEMENT CENTER. A D.R (DISCIPLINARY Report) WAS WRITTEN FOR INTRODUCTION CONTRABAND AND REFUSING TO SUBMIT TO A URINALISIS TEST.

UPON CONVICTION OF D.R.'s AND APPEAL, D.R.'s WERE ULTIMATELY DISMISSED DUE TO ALL OF THE PROCEDURAL ERRORS.

UPON ARRIVAL AT Q-DORM MR. EVANS WAS ASSESSED BY NURSE RICE MR. EVANS INFORMED HER HIS LIFE WAS

(6-9)

IN DANGER, AND THAT THERE WAS AN OPEN INVESTIGATION STILL ONGOING, IN WHICH MR. EVANS INITIATED WHILE AT LAKE CORRECTIONAL INST.

(WILL SUPPLY GRIEVANCE AND OTHER INFORMATION UPON REQUEST)

ON - 11-12-10 AT THE 3:00 P.M SHIFT CHANGE MR. EVANS INFORMED NURSE HONEYCUTT HE WAS BEING THREATENED AND WAS IN FEAR FOR HIS LIFE. MR. EVANS WAS PLACED ON SHOS AND STAYED ON SUCH STATUS UNTIL 12-8-10 WHEN HE WAS TRANSFERRED TO UNION CORR. INST.

AT NO TIME DURING THESE TIME PERIODS, DID MR. EVANS EVER COME INTO POSSESSION OF HIS PROPERTY OR PROPERTY RECEIPT.

**✳ NOTE✳**

ON 12-1-10 THE "EXCESS" PROPERTY NOTED ON MR. EVANS PROPERTY SLIPS WAS DISPOSED OF WITH NO KNOWLEDGE BY MR. EVANS ↓THIS PROPERTY CONSISTED OF:

A.) 110 EXCESS PHOTOS
B.) 11 EXCESS MAGAZINES
C.) 5 COSMETIC ITEMS
D.) 25 EXCESS POSTAGE STAMPS (FIRST CLASS 44¢)
E.) 83 LETTERS (108 TOTAL DOCUMENTED BY LAKE C.I PROPERTY ROOM
F.) 1983 CIVIL COMPLAINT
G.) OTHER LEGAL DOCUMENTS

ON 12-8-10 MR. EVANS WAS BEING TRANSFERRED AGAIN UPON BEING PLACED IN THE HOLDING CELL LOCATED IN Q-DORM'S ENTRYWAY, BY SGT. HOWARD AND C/O FOSTER, MR. EVANS WAS TOLD TO "STRIP", AT WHICH TIME C/O FOSTER TOLD MR. EVANS "SHOW ME

(6-10)

THAT NICE ASS." AFTER STATING "NO", C/O PUTNMAM
TOOK MR. EVANS TO THE FRONT DOOR, WHERE NURSE RICE
STATED MR. EVANS NEEDED TO BE ASSESSED BEFORE
LEAVING.

WHEN MR. EVANS ENTERED THE NURSES STATION WHERE
C/O OATES WAS WAITING.

✳ NOTE ✳

APPROXIMATELY ONE WEEK EARLIER MR. EVANS
WROTE A LETTER TO THE GOVERNORS OFFICE, IN INMATE
RANDY BUEHLERS' NAME, ABOUT THREATS C/O OATES MADE
AGAINST HIM. (END NOTE)

ONCE INSIDE THE NURSES STATION C/O PUTNAM LEFT
TO "USE THE RESTROOM." NURSE RICE TURNED HER BACK
ON MR. EVANS AND C/O OATES, LOOKING OUT THE DOOR.
AT WHICH TIME C/O OATES SLAMMED INTO MR. EVANS
RAMMING HIM INTO THE METAL SCALE, AND COUNTER
TOP BEFORE SLAMMING HIM TO THE GROUND.

✳ NOTE ✳

MR. EVANS WAS IN FULL RESTRAINTS. I.E.
BELLY CHAIN, HANDCUFFS, BLACK BOX, SHACKLES,

UPON ARRIVAL AT UNION CORR. INST. MR.
EVANS REPORTED THE ABUSE TO SGT. TATE A CAPTAIN
WAS CALLED, AND MR. EVANS WAS ASSESSED BY NURSE
FALES. WHERE VISUAL INJURIES WHERE NOTED ON
"BODY CHART."

OFFICER OATES AND NURSE RICE FAILED
TO REPORT USE OF FORCE.

ON 1-5-11 MR. EVANS WAS TRANSFERRED BACK
TO S.R.C.I. HE WAS ESCORTED TO CELL 2101 ON WING
2 BY OFFICER SPENCER AND OFFICER WALDRUP OFFICER
FOSTER WAS ASSIGNED TO WING 2 ON THIS DAY. HE TOOK
CONTROL OF MR. EVANS AND INFORMED THE 2 ESCORT
OFFICERS HE WOULD TAKE CARE OF THE HANDCUFFS AND

SHACKLES.

HOWEVER, ONCE HE PLACED MR. EVANS IN CELL 2101 HE REFUSED TO TAKE THE CUFFS OFF. MR. EVANS STAYED HANDCUFFED FOR OVER 1 AND 1/2 HOURS. EACH TIME OFFICER FOSTER DID HIS SECURITY CHECKS HE STATED TO MR. EVANS "IF YOU SHOW ME YOUR ASS, ILL TAKE THE CUFFS OFF. YOU OWE ME."

MR. EVANS STAYED HANDCUFFED UNTIL HIS CASE MANAGER AND DOCTOR CAME TO HIS CELL. MR. EVANS INFORMED THEM AT THAT TIME HE WAS BEING ABUSED BY OFFICER FOSTER, AND OFFICER FOSTER REFUSED TO TAKE THE HANDCUFFS UNTIL MR. EVANS COMPLIED WITH HIS REQUEST. WHEN OFFICER FOSTER TOOK THE HANDCUFFS HE TRIED ACTING AS IF HE DID NOT KNOW MR. EVANS HAD BEEN CUFFED FOR SO LONG.

GRIEVANCES ABOUT THIS ISSUE DO EXIST, THOUGH NOTHING WAS DONE.

ON 1-7-11 MR. EVANS GAVE HIS CASE MANAGER, MRS. BRADFORD, A DC2-530 MODIFICATION OR ACCOMODATION REQUEST FORM APPLICATION, ALLEGING HIS RIGHTS AS AN AMERICAN WITH DISABILITIES HAS BEEN VIOLATED. MRS. BRADFORD INFORMED MR. EVANS SHE WOULD GIVE IT TO DR. MILLER FOR HIM TO HAND DELIVER TO ASSISTANT WARDEN/ADA INTAKE OFFICER MRS. HAAS

THERE IS A GAURANTEE OF 10 DAYS FOR A RESPONSE OF SOME FORM, HOWEVER MRS. HAAS HAS NOT DONE SO, AS OVER A MONTH HAS ELAPSED FROM THE DAY IT WAS DELIVERED TO HER. MRS. BRADFORD ASSURED MR. EVANS SHE GAVE IT TO DR. MILLER, AND DOCTOR MILLER ASSURED HIM HE TURNED IT IN TO HER.

MR. EVANS ACCESSED THE GRIEVANCE PROCEDURE

(6-12)

HOWEVER, BASED ON THE RESPONSE, ITS APPARENT
THE RESPONDING PERSON DID NOT EVEN ATTEMPT
ANY FORM OF INVESTIGATION. BECAUSE IT WAS DENIED
SAYING MR. EVANS HIMSELF ADMITTED IT WAS A REQUEST
(REFERRING TO THE TITLE OF THE DC2-530 "MODIFICATION
OR ACCOMODATION **REQUEST** FORM.)
     ON 2-15-11 FORMAL GRIEVANCE DEALING WITH
PROPERTY ISSUES WAS DENIED WITH OBVIOUS LACK
ON INVESTIGATION, STATING "30 DAY TIME LIMIT
TO SEND PHOTOS HOME" EXPIRED.
     ✳ NOTE✳
          MR. EVANS INITIATED GRIEVANCES AT **UNION**
CORR. INST, AND C.M.H.I (CORRECTIONAL MENTAL
HEALTH INSTITUTION) AT LAKE CORR. INST. PERTAING
TO SOME OF THE ISSUES ABOVE.
     ✳ NOTE✳
          MR. EVANS HAS FILED NUMEROUS GRIEVANCES,
MANY OF WHICH HAVE NOT BEEN ANSWERED, EVEN
THOUGH THE ALLOTED TIME FOR RESPONSES HAS EXPIRED.
THEY ARE AS FOLLOWS:
(A.) 2 FOR PHYSICAL ABUSE, LOG NUMBERS: 11-6-00559, AND
11-6-00570, BOTH DATED 1-6-11
(B.) 3 FOR THREATS BY STAFF, LOG NUMBERS: 11-6-00569,
11-6-02706, 11-6-02592 DATED 1-6-11, 1-12-11, 1-12-11.
RESPECTIVELY.
(C.) 2 FOR IMPROPER CONDUCT, LOG NUMBERS: 10-6-39874,
11-6-02418, DATED 12-27-10, 1-12-11, RESPECTIVELY
(D.) 1 FOR COMPLAINTS, LOG NUMBER; 11-6-01496 DATED
1-10-11
(E.) 1 FOR REPORTING PROCEDURES LOG NUMBER; 1101-109-112
DATED 1-14-11
(F.) 1 FOR GRIEVANCE **PROCEDURES** LOG NUMBER; 11-6-00859
DATED 1-10-11            (6-13)

(G) l FOR OTHER, LOG NUMBER 11-6-00526, DATED
1-6-11

THE GRIEVANCES ARE DATED UPON RECEIPT,
AND NOT FROM THE DATE MR. EVANS INITIATED
THEM. THE ALLEGATION OF NOT RECEIVING RESPONSES
TO SAID GRIEVANCES CAN NOT BE PROVEN NOR DISPROVEN.
MR. EVANS ASSERTS THE INSTITUTION CANNOT PROVE
NOR DISPROVE SAID ALLEGATIONS EITHER, AS THE
PERSON RESPONDING DID NOT ARGUMENT MR. EVANS
ASSERTS IN HIS BEHALF IS SIMPLY, HAD HE RECEIVED
A RESPONSE AND IT DID NOT SATISFY HIS ISSUE HE
WOULD HAVE PURSUED IT TO THE NEXT LEVEL HAD
HIS GRIEVANCE BEEN GRANTED, THERE WOULD BE
NO REASON TO PURSUE IT ANY FURTHER, OR MAKE AN
ISSUE OF NOT RECEIVING A RESPONSE IN HIS FAVOR.
SEE EXHIBITS 1-A ———1-K FOR RECEIPTS
OF UNANSWERED GRIEVANCES

# INDIVIDUAL SYNOPSIS OF VIOLATIONS

## (I). VIOLATION OF RIGHTS TO DUE PROCESS

MR. EVANS HAS FILED NUMEROUS GRIEVANCES, (BOTH FORMAL AND INFORMAL) TO NO AVAIL. IN THE CASE OF 11 (ELEVEN) GRIEVANCES MR. EVANS HAS NEVER RECEIVED ANY RESPONSE TO. MR. EVANS HAS RECEIPTS FOR THESE GRIEVANCES (SEE EXHIBITS (1)(A) — (1)(K) ) AND THE RECEIPT DATES ARE CLEAR. WHICH VIOLATE THE INSTITUTIONAL POLICY PERTAINING TO GRIEVANCES AND THE ALLOTTED TIME FOR "RESPONSES UPON RECEIPT."

MR. EVANS ALSO MAKES NOTE THAT THESE GRIEVANCES NUMBERED AT 11 (ELEVEN) DOES NOT PERTAIN TO INFORMAL GRIEVANCES, AS INFORMAL GRIEVANCE SUBMISSION DOES NOT REQUIRE, OR RECEIVE RECEIPTS. THE NUMBER OF INFORMAL GRIEVANCES FAR EXCEED THAT OF FORMAL. HOWEVER DUE TO NO ISSUANCE OF RECEIPTS FOR INFORMAL, GRIEVANCES MR. EVANS WILL ONLY ADDRESS THE ISSUE OF THE ONES IN WHICH HE CAN SUBSTANTIATE.

THE GRIEVANCE PROCEDURE AT THE INSTITUTION LEVELS AND OFTEN TIMES WHEN APPEALED TO TALLAHASSEE, IS LARGELY ABUSED BY THOSE INDIVIDUALS IN THAT POSITION WHO GIVE RESPONSES. YOU WILL SEE UPON PERUSING ALL OF THE GRIEVANCE RESPONSES SUBMITTED AS EXHIBITS, THAT THE FRIVOLOUS DENIAL OF SAID GRIEVANCES DENY INMATES PROPER RELIEF AT THE APPROPRIATE LEVEL.

IN MR. EVANS' CASE ITS CLEAR THAT THE DENIALS ARE IGNORANT, MALICIOUS, VINDICTIVE, AND WITHOUT MERIT. THEY ARE DENIED FOR

(6-B)

FRIVOLOUS REASONS. SOME AS BIASED AND
IGNORANT AS "BASED ON THE INVESTIGATION,
OFFICER, (SO AND SO) DENIED ALLEGATIONS
THEREFORE YOUR GRIEVANCE IS DENIED"
    IN 1999 A RULE WAS IMPLEMENTED STATING
"BASED ON AN OFFICERS STATEMENT" IS NOT
SUFFICIENT FOR A FINDING OF GUILT, OR
THE DENIAL OF GRIEVANCES.
        HAD MR. EVANS GRIEVANCES BEEN PROPERLY
INVESTIGATED, AND ADDRESSED MR. EVANS WOULD
HAVE NO REASON TO PURSUE THESE ISSUES IN
THE COURT SYSTEM.
    THE GRIEVANCE PROCEDURE IS SET UP TO
GIVE AN INMATE A CHANCE TO ADDRESS PROBLEMS
OR COMPLAINTS OF ANY NATURE. THE PROCESS SET
UP AND ESTABLISHED IN CHAPTER 33, WAS
IMPLEMENTED TO ENSURE AN INMATE PROPER
RELIEF AND REMEDY WHEN UTILIZED CORRECTLY.
    THE FRIVOLOUS DENIAL, OR THE NO RESPONSE
FACTOR OF THIS COMPLAINT PART(I) IS A DIRECT
DENIAL OF DENYING MR. EVANS OF HIS RIGHT TO
DUE PROCESS.


**(II.)** DENIAL OF RIGHT TO DUE PROCESS,
          CRIMINAL CONSPIRACY
          DENIAL OF GAURANTEE UNDER TITLE U.S.I.A
          42-AMERICAN WITH A DISABILITY ACT.


    MR. EVANS ARRIVED AT SANTA ROSA CORR.
INST. ON 8-18-10 HIS PROPERTY WAS TAKEN FROM
HIM AND HE WAS ESCORTED TO Q-DORM. I.E.
MENTAL HEALTH UNIT. (6-16)

MR. EVANS WAS **NOT** PRESENT WHEN HIS PROPERTY WAS INVENTORIED NOR WAS HE SUPPLIED A COPY OF HIS PROPERTY RECEIPT UNTIL HIS ARRIVAL AND NEAR DEPARTURE FROM LAKE CORR INST. MR. EVANS ARRIVED AT LAKE CORR. INST. ON 8-26-10, AND LEFT IN THE MONTH OF NOV.

IT WAS SHORTLY BEFORE HIS TRANSFER BACK TO SANTA ROSA CORR. INST THAT MR. EVANS CAME INTO POSSESSION OF HIS LISTED PROPERTY RECEIPT FROM S.R.C.I FOR 8-18-10.

MR. EVANS CONTENDS THAT SGT. BROCK AND C/O MCBAY, VIOLATED HIS RIGHTS, AND DENIED HIM THE OPPORTUNITY TO SEND HOME SENTIMENTAL AND NON REPLACABLE PHOTO'S, AND TOOK ADVANTAGE OF HIS MENTAL DISORDER, BY TAKING IT UPON THEMSELVES AND DECIDING TO DENY HIM THE RIGHT TO OBSERVE THE INVENTORY OF HIS PROPERTY, WHEN NO REASON EXISTED THAT COULD EXCLUDE HIS ALLOWED PARTICIPATION, THOUGH FOR THE SAKE OF ARGUMENT, HAD ANY SUCH REASON EXISTED TO DENY HIM THE CHANCE TO OBSERVE SUCH INVENTORY, SGT. BROCK AND C/O MCBAY STILL FAILED TO SUPPLY MR. EVANS A COPY TO SIGN, OR EVEN AFTER STATING ON RECEIPT "NOT PRESENT TO SIGN." A COPY FOR HIMSELF IN WHICH ALLOWS HIM NOTICE OF A 30 DAY TIME FRAME IN WHICH TO SEND HOME EXCESS PHOTOS.

MR. EVANS CONTENDS THAT SINCE NON OF HIS PROPERTY HAD BEEN DEEMED CONTRABAND, PER CHAPTER 33, HE MUST BE GIVEN AN OPPORTUNITY TO SEND HOME ANY ITEMS IN EXCESS. 25 OF THE 65 STAMPS THAT WERE ALLEGEDLY "DISPOSED"

(C-13)

OF OR "FORFEITED" COULD HAVE GONE TOWARDS APPROPRIATE POSTAGE NECESSARY TO SEND CHOSEN ITEMS HOME.

FURTHERMORE, AN INMATE WHO CAN PROVE THEY HAVE LEGAL WORK PENDING IN THE COURTS, OR HAS LEGAL WORK BEING PREPARED FOR THE COURTS CAN POSSESS EXCESS STAMPS NECESSARY TO INSURE APPROPRIATE POSTAGE FOR SAID LEGAL WORK.

IT WAS A KNOWN FACT THAT MR. EVANS HAD A 1983 CIVIL COMPLAINT, WITH ADDITIONAL, REQUIRED COPIES, READY FOR MAILING.

ON MR. EVANS' 8-18-10 PROPERTY INVENTORY SLIP IT IS PRE-PRINTED ON THE FORMS "PERS/LEGAL PAPERS" AND NEXT TO IT LISTED UNDER "NUMBER" IS TYPED "MISC."

THIS PRE-PREPARATION OF THE PROPERTY INVENTORY DENIES MR. EVANS THE OPPORTUNITY TO ARGUE OR SUBSTANTIATE ANY ALLEGATION OF LEGAL WORK HE MAY HAVE HAD. IT ALSO DENIES HIM ANY FORM OF OPPORTUNITY TO DETERMINE HOW MUCH "PERS" OR HOW MUCH "LEGAL PAPERS" ACTUALLY EXIST OF EACH NATURE.

IN FACT, MR. EVANS' PROPERTY UNDER THE CATEGORY CONSISTED OF DISCOVERY, DEPOSITIONS, POLICE REPORTS, CERTIFIED CONVICTIONS, SENTENCING PAPERS, MISC. TRANSCRIPTS AND THE ABOVE-MENTIONED 1983 CIVIL COMPLAINT 43 PAGES IN LENGTH, EXCLUDING THE INITIAL APPLICATION, TIMES 7, E.G. 1 COPY PER EACH DEFENDANT NAMED, AND 1 EXTRA COPY AS REQUIRED FOR THE COURTS. AFTER ADDING MR. EVANS' PERSONAL COPY, 9 COPIES IN TOTAL EXISTED. BRINGING THESE TOTALS ALONE TO 387, AND 45 TOTAL (6-18).

THE COMPLETE LIST OF PROPERTY DISPOSED
OF OR LOST BY SGT. BROCK AND/OR C/O MCBAY
IS AS FOLLOWS:

1.) 110 PERSONAL PHOTOS (UNREPLACABLE)
2.) 25 FIRST CLASS 44¢ STAMPS
3.) 11 MAGAZINES, BOUGHT AND PAID FOR
4.) COMPLETE PRINTOUT OF CHAPTER 33
5.) COMPLETE PRINTOUT OF INSTITUTIONAL
OPERATION PROCEDURES
6.) 432 TOTAL PAGES 1983 CIVIL COMPLAINT
7.) WITNESS/VICTIM DEPOSITIONS, 13 TOTAL
ROUGHLY 600 PAGES TOTAL
8.) DISCOVERY EXHIBIT 123 PAGES
9.) MISC. PRE-TRIAL DOCUMENTS 250 PAGES
10.) SENTENCING TRANSCRIPTS 38 PAGES
11.) COLGATE TOOTHPASTE
12.) DIAL SOAP

SGT. BROCK NOR OFFICER MCBAY CAN UTILIZE
A RULE ALLOWING THEM TO DISPOSE OF ANY
ITEMS WITHOUT GIVING NOTICE TO MR. EVANS
OF AN ALLOTTED TIME FRAME.
ITS CLEAR SGT. BROCK AND OFFICER MCBAY
ARE THE ONES TO BE HELD RESPONSIBLE FOR
CIRCUMVENTING THE RULES, IN ANY COURT, ITS
COMMON KNOWLEDGE AND FACT, THAT IGNORANCE
IS NOT A DEFENSE.


(III) VIOLATION OF RIGHTS GAURANTEED
UNDER THE 8th AND 14th AMENDMENTS OF THE US.
CONSTITUTION AND ARTICLE I SECTIONS) 9 & 17
OF THE FLORIDA CONSTITUTION
(6-19A)

FOR JUST THE APPLICATION PORTION ITSELF.

MR. EVANS, BEING HOUSED IN MENTAL HEALTH ON S.H.O.S C.S.U OR C.M.H.I DOES NOT RELINGUISH HIS RIGHTS TO BE INFORMED ABOUT THE STATUS OF HIS PROPERTY, AND THE DISPOSITION OF SUCH AS HE SEES APPROPRIATE.

SGT. BROCK AND C/O Mc BAY TOOK ADVANTAGE OF MR. EVANS' PLACEMENT IN THE MENTAL HEALTH UNIT AT S.R.C.I. THEY FURTHER TOOK ADVANTAGE OF HIS MENTAL IMPAIRMENT USING IT AS A MEANS OF JUSTIFICATION FOR ABSENCE DISALLOWING HIM TO WITNESS THE INVENTORY OF HIS PROPERTY, OR THE SIGNING OF PROPERTY INVENTORY SLIP.

SGT. BROCK AND C/O Mc BAY FURTHER PLAYED ON THE FACT THAT THE MAJORITY OF THE INMATES HOUSED IN THE MENTAL HEALTH UNIT, DO NOT CHALLENGE THEIR WILLFUL DISREGARD OF PERSONAL PROPERTY AND THAT THEY ARE NOT CALLED UPON TO DISTRIBUTE PROPERTY TO INMATES IN THE MENTAL HEALTH UNIT UNTIL THAT INMATE MAKES THE REQUIRED LEVEL NECESSARY TO RECEIVE PROPERTY. AND IN SOME CASES THIS CAN BE WEEKS OR MONTHS.

MR. EVANS UTILIZED THE GRIEVANCE AND REQUEST PROCEDURE TO RESOLVE THIS ISSUE TO NO AVAIL. SEE EXHIBITS LISTED UNDER "2".

SGT. BROCK AND C/O Mc BAY GAVE RESPONSES CONCERNING MR. EVANS PROPERTY THAT HAD NOTHING WHAT SO EVER TO DO WITH HIM AND ONCE Mr. EVANS TOOK THE ISSUE TO THE NEXT LEVEL AND PROVIDED PROOF OF WHAT HE WAS SUPPLIED BY THEM. THEY ONCE AGAIN CHANGED THEIR STORY.

(6-19b)

OFFICER ROCHELL, WHETHER ACTING ON HIS OWN OR ON THE BEHALF OF HIS COHORTS INSTIGATED AND PERPETRATED NOT ONLY RIGHTS GAURANTEED UNDER THE PROTECTIONS OF THE U.S. AND FLORIDA CONSTITUTION, BUT TOOK IT ONE STEP FURTHER AND COMMITTED CRIMINAL ACTS AGAINST MR. EVANS ASSAULT IS A CRIMINAL OFFENSE.

EVERYDAY, PEOPLE ARE CONVICTED BASED ON THE ALLEGATIONS OF OTHERS EVEN WHEN NO WITNESSES OF EVIDENCE EXIST IN A CRIMINAL PROCEEDING THERE ARE 3 REQUIRED ELEMENTS TO ESTABLISH THE OFFENSE OF ASSAULT. THEY ARE.

1.) (DEFENDANT) INTENTIONALLY AND UNLAWFULLY THREATENED, EITHER BY WORD OR ACT, TO DO VIOLENCE TO (VICTIM)

2.) AT THE TIME (DEFENDANT) APPEARED TO HAVE THE ABILITY TO CARRY OUT THE THREAT.

3.) THE ACT OF (DEFENDANT) CREATED IN THE MIND OF (VICTIM) A WELL FOUNDED FEAR THAT THE VIOLENCE WAS ABOUT TO TAKE PLACE.

THE SPECIFIC, DIRECT, AND INDIRECT THREATS MADE TOWARDS MR. EVANS, AS OUTLINED UNDER SECTION TITLED "STATEMENT OF PARTICULARS," ABOVE. BY OFFICER ROCHELL CAN ONLY BE DISPUTED BY OFFICER ROCHELL HIMSELF. AND ITS COMMON KNOWLEDGE THAT IN THE HISTORY OF FLORIDA PRISON GAURDS GOING TO TRIAL, NONE OF THEM HAVE ADMITTED ANY FORM OF THREAT AGAINST AN INMATE DOES THE OFFICERS DENIAL CONSTITUTE THE TRUTH? NO!

OFFICER ROCHELL HAS BEEN KNOWN TO MAKE STATEMENTS TO INMATES THAT "ITS YOUR WORD

6-20

AGAINST MINE, WHO DO YOU THINK THEY ARE GOING TO BELIEVE?

MR. EVANS ATTEMPTED TO ACCESS OFFICER ROCHELLS PERONELL FILE BY UTILIZING FLORIDAS SUNSHINE LAW, WHICH GRANTS ANY CITIZEN OF THIS STATE (NO STIPULATION AGAINST PRISONERS) THE OPPORTUNITY TO REVIEW ANY OFFICERS RECORD, AND WHILE IT PRIMARILY TARGETS ACTUAL DEPUTY SHERIFFS, SHERIFFS, OR DETECTIVES, IT DOES NOT DISCLUDE CORRECTIONAL OFFICER, WHOM BY DEFINITION ARE CATEGORIZED LAW ENFORCEMENT OFFICERS MR. EVANS WAS STONE WALLED.

HOWEVER, MR. EVANS HAS KNOWLEDGE OF FRIVOLOUS USE OF FORCES, WRITTEN DISCIPLINARY REPORTS IN WHICH HE LIED IN SUBJECT OF COMPLAINTS, AND OTHER CONDUCT, UNBECOMING AN OFFICER.

OFFICER ROCHELL DENIED MR. EVANS A NOON MEAL, AND TAUNTED HIM WHILE DOING SO: AND AT THE TIME IN QUESTION, MR. EVANS WAS HOUSED IN THE MENTAL HEALTH UNIT AT S.R.C.I IN THE CSU. UNIT. OBVIOUSLY SUFFERING FROM SOME FORM OF MENTAL INFIRMITY OR DISORDER.

MR. EVANS HAVING ANY SUCH DISABILITY, AS DEFINED UNDER U.S.C.A. 42 § 12112.

OFFICER ROCHELLS PERSONAL DEMEANOR AND CONDUCT, IS NOT CONDUCIVE TO THAT WHICH IS REQUIRED WHILE WORKING WITH SPECIFIC AT RISK INDIVIDUALS IT IS NOT OFFICER ROCHELLS POSITION TO DETERMINE WHO OR WHO ISN'T SUFFERING FROM SOME MENTAL DEFORMITY. THE INDIRECT THREATS APPLIED BY OFFICER

(6-21)

ROCHELL, CREATED A WELL FOUNDED FEAR IN
MR. EVANS. THE FACT OF MR. EVANS VULNERABLE
STATE OF MIND AT THE TIMES THESE UNJUST
PAINS WERE INFLICTED MAY HAVE CAUSED MORE
DAMAGE THAN MR. EVANS WAS ALREADY SUFFERING.

MR. EVANS INFORMED OFFICER ROCHELL HE
WAS HUNGRY AND WANTED TO EAT. AND MR. EVANS
INFORMED OFFICER ROCHELL HE DOES NOT
WANT ANY PROBLEMS. AND THAT HE (EVANS) HAD
DONE NOTHING TO OFFICER ROCHELL TO DESERVE
SUCH TREATMENT, OR ABUSE.

MR. EVANS UTILIZED THE INMATE GRIEVANCE
PROCEDURE TO ADDRESS THESE ISSUES. TO NO AVAIL
SEE EXHIBITS LISTED UNDER "EXHIBITS 3",
AND EXHIBIT UNDER "EXHIBIT 9" FOR ANY
WITNESS STATMENTS IN WHICH APPLY.


**(IV)** CRIMINAL CONSPIRACY, VIOLATION
OF U.S. CONSTITUTION 8th AMENDMENT,
FLORIDA CONSTITUTION ARTICLE I SECTION
17.


MR. EVANS WAS RETURNED TO S.R.C.I. FROM
LAKE CORR. INST. CMHI UNIT ON 4-12-10.
WHILE BEING PLACED IN THE HOLDING CELL
LOCATED IN THE INTAKE BUILDING, OFFICER
B.J. JONES (POSSIBLY JENKINS - FOR FAILURE
OF ASSISTANCE IN DETERMINING NAME) STATED
"WELCOME BACK" AND WENT ON TO INQUIRE IF MR. EVANS
WAS FAMILIAR WITH "MR. SNOW" MR. EVANS DID NOT
RESPOND. WHILE MR. EVANS STARTED TO ENTER THE FIRST
HOLDING CELL, OFFICER JONES - (JENKINS) INFORMED
(6-22)

MR. EVANS "NO, THIS ONE" UPON LOCKING THE CAGE DOOR TO THIS HOLDING CELL, OFFICER JONES (JENKINS) STATED "IT DOESN'T MATTER, YOU'LL BE IN THE COUNTY JAIL BY TONIGHT MR. EVANS WAS NOT SURE WHAT WAS MEANT BY THIS. HOWEVER, MR. EVANS STARTED FEELING VERY UNEASY ABOUT WHAT MAY TRANSPIRE THE INMATE IN THE HOLDING CELL NEXT TO MR. EVANS DIRECTED MR. EVANS' ATTENTION TO A BAG ON THE GROUND OF MR. EVANS CAGE AND STATED "MAN LET ME GET THAT" IT APPEARED THAT THE BAG CONTAINED NARCOTICS. JUST THEN OFFICER JONES (JENKINS) APPEARED AND STATED. "GIVE ME THOSE DRUGS" KEVIN RITCHFORD, THE INMATE IN THE NEXT CELL STATED " MAN, THEY'RE TRYING TO SET YOU UP."

OFFICER JONES, FULLY AWARE THAT MR. EVANS IS PRESENTLY RETURNING FROM CMHI AND ONCE AGAIN BEING PLACED IN THE C.S.U. LOCATED IN Q-DORM MANIPULATED THE SYSTEM, AND THE SEQUENCE OF EVENTS, TO EXTEND A FAVOR FOR "MR. SNOW". QUOTING THE ADOPTED MOTTO OF THE FLORIDA DEPARTMENT OR CORRECTIONS "WE NEVER WALK ALONE" AND INFORMING MR. EVANS THAT WHEN HE HAS A PROBLEM WITH ONE OFFICER HE HAS A PROBLEM WITH ALL OFFICERS AND THAT UNLIKE THE INMATE POPULATION ALL OFFICERS STICK TOGETHER.

OFFICER JONES CONSPIRED TO SET MR. EVANS UP WITH NARCOTICS BY WHAT HE SAID TO MR. EVANS, HE INFERRED HE WAS DOING IT FOR MR. SNOW FLORIDA STATUTES § 777.04(3) STATES "A PERSON WHO AGREES, CONSPIRES, COMBINES, OR CONFEDERATES WITH ANOTHER PERSON OR PERSONS TO COMMIT ANY OFFENSE COMMITS THE OFFENSE OF CRIMINAL CONSPIRACY......
(6-33)

A THIRD DEGREE FELONY."

IT TAKES A MINIMUM OF 2 TO CONSPIRE AND BY THE INFERRANCE MADE BY OFFICER JONES (JENKINS) IT IS CLEAR, HE WAS DOING HIS PART AS A FAVOR TO MR. SNOW. HAD HE NOT BEEN DOING THIS ON BEHALF OF MR. SNOW, HE NEVER WOULD HAVE MADE THE INVENDO.

OFFICER JONES (JENKINS) FALSIFIED REPORTS WHICH ULTIMATELY LED MR. EVANS TO RECEIVE 2 DISCIPLINARY REPORTS, ONE FOR INRODUCTION OF CONTRABAND, ONE FOR REFUSING TO SUBMIT TO A URINALISIS. WHILE THE D.R'S WERE OVERTURNED ON APPEAL IT NON THE LESS INFLICTED CRUEL AND UNUSUAL PUNISHMENT.

THERE ARE MANY WAYS TO DEFINE CRUEL AND UNUSUAL PUNISHMENT HOWEVER IN MR. EVANS' CASE WE WILL LOOK AT IT IN ITS SIMPLICITY. ON THE FACE OF ITS WORDING/MEANING.

THE FACT THAT MR. EVANS HAD DONE NOTHING TO WARRANT SUCH TREATMENT FROM OFFICER JONES (JENKINS), AND THE POSSIBILITY OF A CRIMINAL CHARGE BEING FILED ON BEHALF OF MR. SNOW. CLEARLY SHOWS CRUEL AND UNUSUAL. COUPLED WITH THE WRITING OF A DISCIPLINARY REPORT FOR AN INFRACTION THAT MR. EVANS DID NOT VIOLATE PUSHES THE ENVELOPE. RETALIATION OF ANY FORM CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT NOT TO MENTION WHAT THE WHOLE

ORDEAL HAD DONE TO MR. EVANS' ALREADY POOR MENTAL STATE.

MR. EVANS FILED A GRIEVANCE ON THIS ISSUE TO NO AVAIL, SEE EXHIBIT LISTED UNDER "EXHIBIT 4" AND WITNESS STATEMENT UNDER "EXHIBIT 9"


(V) VIOLATION OF U.S. CONSTITUTION AMENDMENTS 8, 14 FLORIDA CONSTITUTION ARTICLE I SECTION 17 SEXUAL HARRASSMENT.


ON 12-8-10 WHILE BEING TRANSFERRED TO UNION CORR. INST. UPON BEING PLACED WITHIN A HOLDING CELL INSIDE Q-DORM OFFICER FOSTER DIRECTED MR. EVANS TO "STRIP" AND TOLD MR. EVANS TO SHOW HIM MR. EVANS "NICE ASS".

ON 1-5-11 MR. EVANS WAS RETURNING TO S.R.C.I Q-DORM WING TWO WHICH WAS BEING SUPERVISED BY OFFICER FOSTER.

OFFICER FOSTER INFORMED THE TWO OFFICERS ESCORTING MR. EVANS, HE WOULD PUT MR. EVANS UP. OFFICERS SPENCER AND WALDRUP TURNED MR. EVANS OVER TO OFFICER FOSTER AND EXITED THE WING.

OFFICER FOSTER PLACED MR. EVANS IN CELL 2101 AND REFUSED TO REMOVE THE HANDCUFFS UNLESS MR. EVANS "SHOWED HIM THAT NICE ASS" SUPPOSEDLY BECAUSE MR. EVANS "OWED" IT TO OFFICER FOSTER.

MR. EVANS REMAINED CUFFED WITHIN HIS CELL FOR ROUGHLY 1½ HOURS OR APPROXIMATELY 6 REQUIRED ROUNDS EACH TIME OFFICER FOSTER APPROACHED MR. EVANS' CELL, FOSTER WOULD ASK

(6-25)

HIM WAS HE READY TO "SHOW HIS ASS" EACH TIME MR. EVANS REFUSED, AND INFORMED OFFICER FOSTER HE WOULD REMAIN LIKE HE IS UNTIL THE D.R. (MILLER) OR CASE MANAGER MADE THEIR ROUNDS. OFFICER FOSTER STATED TO MR. EVANS, NONE WOULD BELIEVE HIM, AND OFFICER FOSTER SAID HE WOULD CLAIM IT WAS A MISTAKE AND THAT MR. EVANS FAILED TO INFORM HIM OF THE CUFFS NOT BEING REMOVED.

FIRST — HAD OFFICER FOSTER PROPERLY CONDUCTED HIS OBSERVATIONS HE WOULD HAVE SPOTTED THE CUFFS STILL ON MR. EVANS OFFICER FOSTERS EXCUSE OF IGNORANCE, IS EXACTLY THAT AN EXCUSE WITHOUT ANY MERIT.

SECOND — OFFICER FOSTER, KNOWING CERTAIN ALLEGATIONS HAVE BEEN LEVELED AGAINST HIM BY MR. EVANS SHOULD HAVE ALLOWED THE ESCORT OFFICERS TO PLACE MR. EVANS IN THE CELL HE WAS ASSIGNED TO NOT DOING SO CAN INDICATE A FORM OF SPITE OR MALICE.

THIRD — OFFICER FOSTER KNOWING THE PURPOSE OF S.H.O.S, C.S.U AND T.C.U ATTEMPTED TO TAKE ADVANTAGE OF MR. EVANS' MENTAL DISABILITY AND MENTAL STATE TO SATISFY HIS OWN TWISTED, PERVERSE TASTES.

PLAYING ON A MENTALLY DISABLED PERSON, IN AN ATMOSPHERE ESTABLISHED AND SET UP TO CURE, OR STABILIZE SUCH MENTAL INFIRTIES, CAN ONLY BE DEEMED CRUEL AND UNUSUAL AS WELL AS LEAVING A MAN HANDCUFFED IN HIS CELL FOR AN HOUR AND ½ OUTSIDE OF BEING 4 OR 5 POINT RESTRAINED.

MR. EVANS UTILIZED THE INMATE GRIEVANCE

(0-26)

PROCEDURE TO NO AVAIL SEE EXHIBITS MARKED "EXHIBIT 5" AND "EXHIBIT 9"

**(VI)** CRIMINAL ASSAULT, CRIMINAL BATTERY, CONSPIRACY VIOLATION OF U.S. CONSTITUTION 8th AMENDMENT FLORIDA CONSTITUTION ARTICLE I SECTION 17.

ON 12-8-10 WHILE PREPARING TO TRANSFER, NURSE RICE INFORMED OFFICER PUTNAM SHE NEEDED TO DO AN ASSESSMENT ON MR. EVANS OFFICER PUTNAM ESCORTED MR. EVANS INTO THE NURSES STATION WHERE OFFICER OATES AND NURSE RICE AWAITED OFFICER PUTNAM TOOK LEAVE STATING HE NEEDED TO USE THE RESTROOM. AFTER OFFICER PUTNAM LEFT NURSE RICE STOOD IN THE DOOR AS IF TO WATCH FOR ANYONE COMING. AS SOON AS NURSE RICE HAD HER BACK TURNED OFFICER OATES RUSHED MR. EVANS, SLAMMING HIM INTO THE METAL SCALE, THEN THE COUNTER, FOLLOWED BY SLAMMING MR. EVANS TO THE GROUND, WHILE IN FULL RESTRAINTS, AND WITHOUT INDICATING ANY SELF INJUROUS BEHAVIOR NOR ANY AGGRESSIVE OR THREATENING ACTIONS TOWARDS EITHER NURSE RICE NOR OFFICER OATES. OFFICER OATES WENT ON TO STATE "YOU FUCKED WITH THE WRONG ONE NOW NIGGER"
USE OF FORCE WAS NOT NOTED OR DOCUMENTED BY EITHER NURSE RICE NOR OFFICER OATES IN WHICH IS A DIRECT VIOLATION OF OPPERATIONAL AND USE OF FORCE PROCEDURES THUS CLEARLY SHOWING AN INTENT OF MALICE AND AN INTENTION TO COMMIT THE CRIMINAL OFFENSES OF BATTERY AND ASSUALT.
(6-27)

UPON MR. EVANS' ARRIVAL AT UNION CORR. INST. SGT. TATE THEN CONTACTED A CAPTAIN AND IT WAS RELATED BACK TO HAVE MR. EVANS ASSESSED BY A NURSE. NURSE FALES ASSESSED MR. EVANS AND NOTED ON THE "BODY CHART" THE OBSERVED INJURIES ON MR. EVANS' PERSON. WHICH BASICALLY CONFIRMS THE FACT THAT "**SOMETHING**" HAPPENED AT S.R.C.I THOUGH WAS NOT DOCUMENTED.

THE ACTS MADE BY OFFICER OATES IN EVERY FORM ESTABLISHES BATTERY AND ASSAULT AS DEFINED BY FLORIDA STATUTES AND BLACKS LAW DICTIONARY. AS WELL, THE NECESSARY ELEMENTS TO ESTABLISH THESE OFFENSES HAVE BEEN SATISFIED.

TO SATISFY THE DEFINITION OF CRUEL AND UNUSUAL PUNISHMENT MR. EVANS ASSERTS THAT WHILE BEING TRANSFERED IN FULL RESTRAINTS AND WITHOUT EXHIBITING ANY AGGRESSIVE BEHAVIOR NOR POSING A THREAT TO HIMSELF, AND UNAWARE OF ANYTHING WAS ASSAULTED AND BATTERED BY OFFICER OATES AND THE FACT THAT IT WAS NOT REPORTED, AND IN FACT TRYING TO CONCEAL IT SATISFIES THE FULL EXTENT, BUT MORE SO THE UNUSUAL PORTION.

MR. EVANS UTILIZED THE GRIEVANCE PROCEDURE TO NO AVAIL. SEE EXHIBITS TITLED "EXHIBIT 5" AND "EXHIBIT 1" IN THE CASE OF NOT RECEIVING ANY RESPONSE AT ALL.

(**VII**) CRIMINAL CONSPIRACY, CRIMINAL ASSAULT, U.S. CONSTITUTION 8th AMENDMENT, ARTICLE I SECTION 17 FLORIDA CONSTITUTION.

ON 12-8-10 MR. EVANS WAS BEING

TRANSFERRED FROM S.R.C. I WHILE BEING
ESCORTED TO THE FRONT DOOR OF Q-DORM BY
OFFICER PUTNAM NURSE RICE STATED SHE NEEDED
TO ASSESS MR. EVANS. UPON ENTERING THE NURSES
STATION OFFICER PUTNAM INFORMED, ALREADY
PRESENT OFFICER OATES, HIS NEED TO USE THE
RESTROOM. AFTER OFFICER PUTNAM DEPARTED,
NURSE RICE TOOK UP A POSITION IN THE DOORWAY
WHICH MADE MR. EVANS NERVOUS.
    UNAWARE, OFFICER OATES, WITHOUT          ,
WARNING RAMMED HIS BODY INTO MR. EVANS
SLAMMING HIM INTO THE METAL SCALE, THEN
THE COUNTER TOP, AND FINALLY SLAMMED TO
THE GROUND, IN FULL RESTRAINTS WITH NO
PROVOCATION WHAT SO-EVER.
    NURSE RICE STATED TO MR. EVANS "NIGGER
I TOLD YOU, YOU WERE GONNA GET WHAT YOU
WAS LOOKING FOR."
    NURSE RICE CONSPIRED IN EVERY WAY
FATHOMABLE WITH OFFICER OATES. STARTING
WITH TELLING OFFICER PUTNAM SHE NEEDED TO
ASSESS MR. EVANS THEN TAKING UP POSITION
IN THE DOOR, ALLOWING OFFICER OATES TO ASSAULT
AND BATTER MR. EVANS', AND FINALLY NOT REPORTING
OR DOCUMENTS THE USE OF FORCE.
    NURSE RICE BY MAKING THE STATEMENT
SHE DID "NIGGER I TOLD YOU, YOU WERE GONNA
GET WHAT YOU WAS LOOKING FOR." PUT IN MR. EVANS
A WELL FOUNDED FEAR THAT MORE PAIN WAS GOING
TO BE INFLICTED, AND INSTILLED A FEAR IN
MR. EVANS' WHERE HE WAS UNDENIABLY IN FEAR FOR
HIS SAFETY, LIFE AND WELL BEING.

(6-29)

UPON MR. EVANS' ARRIVAL AT THE NEXT
INSTITUTION MR. EVANS' INFORMED SGT. TATE
OF THE PHYSICAL ABUSE AT THE HANDS OF OFFICER
OATES, AND NURSE RICES FAILURE AND REFUSAL
TO REPORT OR DOCUMENT IT. SGT. TATE CONTACTED A
CAPTAIN WHO IN TURN HAD SGT. TATE GET MR.
EVANS ASSESSED AND EVALUATED BY NURSE FALES
WHOM NOTED AND DOCUMENTED VISUAL PHYSICAL
INJURIES OF MR. EVANS' BODY ON THE "BODY CHART"
ASSESSMENT, AS WELL AS WRITE A REPORT OF THE
ALLEGATIONS AND HER FINDINGS.

NURSE RICE, IN ALLOWING THE ASSAULT
AND BATTERY OF MR. EVANS AND CONSPIRACY TO
ASSIST OFFICER OATES CLEARLY ESTABLISHES
CRUEL AND UNUSUAL PUNISHMENT ESPECIALLY
WHEN YOU TAKE INTO FACTOR THAT SHE **FAILED
AND REFUSED** TO REPORT IT OR DOCUMENT IT.

MR. EVANS UTILIZED THE GRIEVANCE PROCEDURE
TO **NO** AVAIL SEE EXHIBITS TITLED "EXHIBITS 5"
AND "EXHIBIT I" IN THE CASE OF NOT RECEIVING
ANY RESPONSE AT ALL

(**VIII**) VIOLATION 8th & 14th AMENDMENTS OF
U.S. CONSTITUTION, ARTICLE I SECTION(S) 9, 17,
21 OF FLORIDA CONSTITUTION, 42 U.S.C.A
SECTION 1211(A), DEPT OF CORR. CHAPTER 33-210-201
(3)(D) 1 & 2 & 42 U.S.C. § 1211/2

(A-30)

MR. EVANS, ON NUMEROUS OCCASIONS HAS ATTEMPTED CONTACT WITH MRS. HAAS ASSISTANT WARDEN/A.D.A. INTAKE OFFICER MRS. HAAS HAS NEVER RESPONDED.

MR. EVANS CONTENDS THAT "MENTAL ILLNESS" OR MENTAL DISABILITY, PER DEFINITIONS, AND ESTABLISHMENT UNDER AMERICANS WITH A DISABILITY ACT, IS IN FACT A DISABILITY IN EVERY FORM.

42 U.S.C.A § 12102 (1)(A)(B) DISABILITY.- THE TERM "DISABILITY" MEANS, WITH RESPECT TO AN INDIVIDUAL—

(A) A PHYSICAL OR **MENTAL IMPAIRMENT** THAT SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES OF SUCH INDIVIDUAL;

(B) A **RECORD** OF SUCH AN IMPAIRMENT

MR. EVANS HAS SUBSTANTIATED HE HAS BEEN SUFFERING FROM MENTAL DISORDERS ALL HIS LIFE MR. EVANS HAS BEEN BAKER ACTED NUMEROUS TIMES WHILE IN SOCIETY, AS WELL AS IN THE DEPT. OF CORR.

MR. EVANS SUFFERS SCHIZOAFFECTIVE DISORDER PERSONALITY DISORDER, ANTISOCIAL DISORDER. THESE DIAGNOSIS' FOLLOWED HIM INTO DEPT. OF CORR FROM THE STREETS.

MR. EVANS WAS ALSO AN RECIPIENT OF A GOVERMENT CHECK (S.S.I) DUE TO HIS MENTAL DISABILITIES.

MRS. HAAS WAS MADE AWARE OF THIS. MR. EVANS FILLED OUT THE "REASONABLE MODIFICATION, OR ACCOMMODATION REQUEST," FORM DC2-530. MR. EVANS HAND DELIVERED THIS FORM TO HIS CASE MANGER

(6-31)

(AT THAT TIME) MRS. BRADFORD. MRS. BRADFORD LATER INFORMED MR. EVANS SHE PERSONALLY GAVE IT TO THE HEAD PSYCHOLOGIST DR. MILLER A DAY OR TWO LATER, UPON QUESTION DR. MILLER INFORMED MR. EVANS HE PERSONALLY TURNED THIS IN TO MRS. HAAS ON 1-7-11 ON 2-22-11 MR. EVANS STOPPED MRS. HAAS AT HIS CELL FRONT IN Q-DORM 2207.

   MR. EVANS INQUIRED TO MRS. HAAS THE STATUS OF THE DC2-530 FORM. AT FIRST MRS. HAAS ACTED CONFUSED THEN SHE STATED "I SENT YOUR COMPLAINTS AND THAT FORM TO THE INSPECTOR GENERALS OFFICE SO THEY CAN INVESTIGATE YOUR CLAIMS OF ABUSE. "WHEN MR. EVANS ASKED HER IF THE INSPECTOR GENERAL IS THE CENTRAL OFFICE A.D.A. COORDINATOR MRS. HAAS STATED" NO, THIS IS AN ISSUE FOR THE INSPECTOR GENERAL, THESE ARE SERIOUS ALLEGATIONS.

   THEREFORE MRS. HAAS VIOLATED HER DUTIES PER RULE, AS A.D.A INTAKE OFFICER. SEE CHPT. 33-210-201(2)(F) "INTAKE OFFICER - REFERS TO THE STAFF MEMBER AT AN INSTITUTION WHO IS DESIGNATED TO RESPOND TO INMATE GRIEVANCES ALLEGING A VIOLATION OF THE ADA AND TO REQUESTS FOR ACCOMMODATION."

   MRS. HAAS HAS **NEVER** RESPONDED TO ANY OF THE (4) GRIEVANCES PERTAINING TO MR. EVANS' ISSUES. THOSE GRIEVANCES, INFACT, HAVE COME UP MISSING COMPLETELY, WITHOUT A RECEIPT BEING ISSUED ALSO. UPON ADDRESSING THIS FACT TO MRS. HAAS SHE STATED MR. EVANS SHOULD KEEP WRITING HER UNTIL HE GETS A RESPONSE. WHICH IS BASICALLY DENYING MR. EVANS' RIGHT

TO DUE PROCESS MRS HAAS BEING INFORMED, NONE OF MR. EVANS' GRIEVANCES OR REQUESTS ARE BEING RETURNED, AND HER STATING SHE ISN'T RECEIVING THEM, SHOULD HAVE MADE PROPER ACCOMMODATIONS TO INSURE THE SAFE RECEIPT OF SAID GRIEVANCES OR REQUESTS.

MRS. HAAS IS FULLY AWARE OF THE WAY MOST INMATES ARE TREATED AND THE ESPECIALLY POOR TREATMENT OF MENTAL HEALTH INMATES SPECIFICALLY HOUSED IN Q. DORMS MENTAL HEALTH UNIT. AS MRS. HAAS WAS WALKING AWAY FROM MR. EVANS DOOR, SHE STATED TO ONE OF THE MEN WITH HER "BY NEXT WEEK HE'LL GET TIRED OF IT AND QUIT LIKE THE REST OF THEM"

MRS. HAAS HAS REFUSED BY INFERENCE TO ASSIST MR. EVANS IN THE IN THE WAYS HER JOB TITLE DESCRIPTION CALLS FOR.

MR. EVANS HAS UTILIZED THE GRIEVANCE PROCEDURE TO NO AVAIL, AS MOST HAVE NEVER COME BACK, 2-SEE "EXHIBITS "8" DON'T GET RESPONDED TO BY HER AND 1-SEE "EXHIBITS 1" HAS NEVER EVEN BEEN RESPONDED TO.

(IX.) VIOLATION OF 42 U.S.C.A. §12112, UNDER AMERICANS WITH A DISABILITY ACT.

MR. EVANS IN EVERY SENSE OF THE WORD IS CLEARLY AN AMERICAN WITH A DISABILITY, ALL HIS LIFE HE HAS BEEN TREATED FOR MENTAL ILLNESSES, BEING BAKER ACTED AND HOSPITALIZED BY HIS FAMILY ON MANY OCCASIONS. HE HAS BEEN TREATED WITH PSYCHOTROPIC MEDICATIONS

1751 (6-33)

MOST OF HIS LIFE AND WHILE IN DEPT OF
CORR. HE HAS BEEN TREATED WITH PSYCHOTROPIC
MEDICATIONS HE HAS BEEN HOUSED ON SHOS,
HOUSED IN C.S.U.'S AT VARIOUS INSTITUTIONS,
HOUSED IN T.C.U'S AT VARIOUS INSTITUTION,
AND WAS BAKER ACTED TO LAKE CORR. INSTS C.M.H.U
(CORRECTIONAL MENTAL HEALTH UNIT), AND THE
PLACEMENTS HAD BEEN FOR LONG PERIODS OF
TIME.

FOR AN INDIVIDUAL TO QUALIFY AS ONE
WITH A DISABILITY, MEANS AN INDIVIDUAL
WITH A DISABILITY WHO, BE IT PHYSICAL, MENTAL,
OR EMOTIONAL, CANNOT FUNCTION AT A LEVEL
DEEMED NORMAL.

MR. EVANS' CURRENT HOUSING IN AN T.C.U.
WAS DECIDED BY TRAINED SPECIALISTS AND
DOCTORS, WHOM AFTER EVALUATION DETERMINED
MR. EVANS' WAS NOT CURRENTLY CAPABLE OF
FUNCTIONING IN OPEN POPULATION, OR THE MORE
SECURE SETTING OF CLOSE MANAGEMENT MR. EVANS'
ODD DISPLAY OF BEHAVIOR, PUT IN THE MIND OF
THOSE **PROFESSIONALS**, WHO EVALUATED THAT HE
POSES A THREAT TO HIMSELF OR OTHERS, OR IS
NOT SOUND OF MIND ENOUGH TO EXIST IN ANY
OTHER ENVIRONMENTAL SETTING.

MR. EVANS, AN AMERICAN WITH A DISABILITY
HAS BEEN SUBJECT TO MANY FORMS OF DISCRIMINATION
AND ABUSE BOTH PHYSICAL AND PSYCHOLOGICAL.

HE'S BEEN REFUSED MEALS, PROPERTY
PERSONNEL ILLEGALY DISPOSED OF HIS PROPERTY
AND INSTITUTED PROVISIONS ON PROPERTY WITHOUT
HIS KNOWLEDGE, EVEN WHEN THERE WAS NO REASON HE

(6-34)

COULD NOT BE INFORMED OF SUCH. HE HAS BEEN TAKEN ADVANTAGE OF AND SEXUALLY HARRASSED BY AN PERVERTED OFFICER WHO DECIDES TO EXERCISE HIS SICK, IMMORAL PERVERSITIES ON AN INDIVIDUAL HE FELT WAS NOT MENTALLY STABLE ENOUGH TO KNOW BETTER OR REPORT HIS SICK, TWISTED REQUESTS. MR. EVANS WAS CONSPIRED AGAINST, ASSAULTED, AND BATTERED WHILE BEING TRANSFERRED FROM ONE MENTAL HEALTH FACILITY TO ANOTHER. HE WAS CONSPIRED AGAINST AND ASSAULTED BY A NURSE WHO AIDED AND ASSISTED THAT SAME OFFICER WHO ASSAULTED AND BATTERED MR. EVANS, AND TRIED TO CONCEAL AND COVER IT UP BY NOT REPORTING OR DOCUMENTING IT. AND FINALLY MR. EVANS, ATTEMPTING TO "PLAY BY THE RULES" IS DENIED THE ASSISTANCE FROM THE INTAKE OFFICER WHOSE DUTY IT IS TO ASSIST AN A.D.A.

THE GRIEVANCE PROCEDURE HAS FAILED MR. EVANS. THE PEOPLE IN POSITIONS REQUIRING ASSISTANCE TO INDIVIDUALS SUCH AS MR. EVANS HAS FAILED HIM. AND THE FAILURES, OF ALL FORMS AND FASHIONS ARE BEING COVERED UP OR HIDDEN ESSENTIALLY DENYING MR. EVANS THE OPPORTUNITY FOR REDRESS OF THOSE ISSUES.

MR. EVANS HAS UTILIZED THE GRIEVANCE PROCEDURE TO NO AVAIL SEE ALL EXHIBITS 1-8, (Please note) On 2-28-11 Mr. Evans was transferd to Lake Butler, Mr. Evans refused to sign property slip in the movement Center due to missing property And the fact defendant's Sgt. Brock and defendant % Mc Bay were behind other missing property. Mr. Evans was transferd back to Santa Rosa Annex C.I on 3-11-11 to find All EXHIBITS MISSING 1-8,(6-35)

# Relief Sought

MR. EVANS IS SEEKING RELIEF OF DIFFERENT
FORMS. THE FIRST BEING:
(A) DISCHARGE OF DUTIES ON THE FOLLOWING:
1.) OFFICER ROCHELL
2.) OFFICER FOSTER
3.) OFFICER OATES
4.) NURSE RICE
5.) MRS. HAAS A.D.A INTAKE OFFICER
6.) OFFICER B.J. JONES (JENKINS)
(B) A PUBLIC AND WRITTEN APOLOGY BY THE FOLLOWING:
1.) OFFICER ROCHELL
2.) OFFICER B.J. JONES (JENKINS)
3.) OFFICER FOSTER
4.) OFFICER OATES
5.) NURSE RICE
6.) OFFICER MCBAY
7.) SGT. BROCK
8.) MRS. HAAS A.D.A. INTAKE OFFICER
(C) RESTRAINING ORDERS ON THE FOLLOWING:
1.) OFFICER ROCHELL
2.) OFFICER B.J. JONES (JENKINS)
3.) OFFICER FOSTER
4.) OFFICER OATES
5.) NURSE RICES
(D) SYSTEMATIC BREAKDOWN OF MONETARY
   REIMBURSEMENT / PAYMENT
1.) $1,000⁰⁰ COST OF REPLACING LEGAL
DOCUMENTS AT $1⁰⁰ PER PAGE
2.) $220⁰⁰ PRICE OF CANTEEN PHOTO TICKET
OF PHOTOS THROWN AWAY.
3.) $200⁰⁰ ADDITIONAL FOR PROFESSIONAL
GRADE PHOTOS THROWN AWAY.
(~○)(6-36)

4.) $15,000.00 FOR DISPOSAL OF NON REPLACEABLE PHOTOS.

5.) $16.00 COLGATE TOOTHPASTES (4) LOST OR THROWN AWAY.

6.) $3.63 DIAL SOAP (3) LOST OR THROWN AWAY.

7.) $11.00 FIRST CLASS STAMPS (25) LOST OR THROWN AWAY.

8.) $30.00 PRO FOOTBALL WEEKLY (6 ISSUES) $5.00 PER ISSUE LOST OR THROWN AWAY.

9.) $25.00 BIBLICAL ARCHEALOGY MAGAZINE (5 ISSUES) $5.00 PER ISSUE LOST OR THROWN AWAY.

10.) $270.00 COMPLETE CHAPT. 33 .15¢ PER COPY/PAGE TO REPLACE LOST OR THROWN AWAY

11.) $150.00 INST. OPP. PROC 15¢ PER COPY/PAGE TO REPLACE LOST OR THROWN AWAY.

11.) $64.80 1983, 432 PAGES TOTAL 9 COPIES IN ALL .15¢ PER COPY/PAGE TO REPLACE LOST OR THROWN AWAY.

TOTAL $16,990.43

12.) $50,000.00 AGAINST OFFICER ROCHELL

13.) $75,000.00 AGAINST OFFICER B.J. JONES (JENKINS)

14.) $50,000.00 AGAINST OFFICER FOSTER

15.) $100,000.00 AGAINST OFFICER OATES

16.) $75,000.00 AGAINST NURSE RICE

17.) $50,000.00 AGAINST MRS. HAAS

TOTAL $400,000.00

MR. EVANS IS ALSO SEEKING FURTHER DAMAGES UNDER THE "MALICE" STIPULATION IN THE AMOUNT OF $1,000,000.00

(6-37)
(70)

COMBINED TOTAL OF MONIES SOUGHT
BY MR. EVANS' PER HIS DIAGRAM OF SYSTEMATIC
BREAK DOWN IS:

GRAND TOTAL: $ 1,416,990.43
ONE MILLION FOUR HUNDRED SIXTEEN
THOUSAND NINE HOUNDRED NINETY DOLLARS,
AND FOURTY THREE CENTS.

I, ANTHONY EVANS, DECLARE UNDER PENALTY
OF PERJURY, THE FOREGOING IS TRUE AND CORRECT.

## JURY TRIAL DEMAND

THIS IS AN ACTION FOR PUNITIVE AND COMPENSATORY
DAMAGES ALLEGING THE ABOVE NAMED DEFENDANTS,
CONTRARY TO THE EIGHTH AND FOURTEENTH AMENDMENTS
OF THE CONSTITUTION, KNOWINGLY AND WILLFULLY
ENGAGED IN WILLFULL AND EXCESSIVE USE OF FORCE,
CRIMINAL CONSPIRACY, CRIMINAL ASSAULT AND
BATTERY, AND WILLFULL AND KNOWING DEPREVATION
OF OTHER CONSTITUTIONAL RIGHTS. AGAINST PLAINTIFF
WHILE HOUSED AT SANTA ROSA CORRECTIONAL INSTITION.

RESPECTFULLY SUBMITTED,

Anthony Evans

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

CONSTITUTIONAL RIGHTS Violated, AMENdment
8 U.S. CONSTITUTION — AMENdment 14 U.S. CONTITUTION

ARTICLE I, SECTION 9, FLORIDA CONSTITUTION,
ARTICLE I, SECTION 17, FLORIDA CONSTITUTION
ARTICLE I SECTION 21 FLORIDA CONSTITUTION 42 U.SCA Section
U.S. CA 42 §§ 12112 AMERICANS WITH DISABILITY 12112(B)
ACT (ADA)

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Please see (6-36), through (6-38) these pages
Are in the statement of facts.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

3-24-11
(Date)

Anthony Evans
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the  24  day of  MARCH , 20 11 .

Anthony Evans
(Signature of Plaintiff)

Revised 03/07

Provided By Santa Rosa C.I.

MAR 24 2011      7

For Mailing  A.E.

Anthony Evans
Santa Rosa Annex Correctional Institution
5850 E. Milton Road
Milton FL 32583



PENSACOLA FL 325
FRI 25 MAR 2011 PM

U.S. District Court Clerk's Office
1 North Palafox St.
Pensacola, FL 32502

FOR LEGAL