IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY EVANS,
    Plaintiff,

vs.                                    Case No.: 3:11cv103/RV/CJK

CORR. OFFICER OATES, et al.,
    Defendants.

REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Because of deficiencies, plaintiff was instructed to file an amended complaint and either a motion to proceed *in forma pauperis*, or to pay the $350.00 filing fee. (Doc. 3). Plaintiff filed a first amended complaint and a motion to appoint counsel (docs. 5 & 6). Ten days later, plaintiff filed a second amended complaint (doc. 7). Plaintiff, however, still failed to file a motion to proceed *in forma pauperis* or pay the filing fee, and he was given fourteen (14) days in which to do so. (Doc. 8). Plaintiff moved for an extension of time in which to pay the filing fee (doc. 11), which the court granted (doc. 12). Soon thereafter, plaintiff paid the $350.00 filing fee. (Doc. 13).

On April 29, 2011, plaintiff filed a second motion for appointment of counsel (doc. 14), which the court denied in conjunction with the first such motion. (Doc.

15).  Plaintiff filed a motion for reconsideration of the order denying the motions to appoint counsel (doc. 18), which was denied by the District Judge.  (Doc. 19).  From that date forward, plaintiff filed myriad documents, including an appeal of the District Judge's denial of the motion for reconsideration (doc. 24).  The U.S. Circuit Court of Appeals for the Eleventh Circuit issued a mandate denying plaintiff's appeal.  (Doc. 35).  Plaintiff continued filing documents, most of which were returned as deficient.

On January 12, 2012, this court again ordered plaintiff to amend his complaint, giving him thirty (30) days in which to file an amended complaint in accordance with the court's LOCAL RULES.  (Doc. 43).  The order was returned as undeliverable, marked "Unable to Deliver.  Inmate has been inactive since 11/26/11."  (Doc. 44).  A review of the Department of Corrections ("DOC") website indicated that plaintiff was released on November 26, 2011.  (Doc. 44).  The clerk was instructed to re-mail a copy of the order to plaintiff at the address shown on the DOC website.  On April 9, 2012, having received no amended complaint, the court entered an order requiring plaintiff to show cause, within fourteen (14) days, why this case should not be dismissed for failure to comply with an order of the court.  (Doc. 45).  To date, plaintiff has failed to file an amended complaint or explain his inability to do so.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to comply with orders of the court.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 11th day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).